UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTINA GEVAERT,
    Plaintiff,

v.

COMMUNITY HEALTH CENTER,
INCORPORATED and TORY WESTBROOK, M.D.
    Defendants.

No. 3:14cv177 (MPS)

## MEMORANDUM OF DECISION

Plaintiff began this action against Defendants on August 16, 2013, alleging negligence and medical malpractice on the part of Community Health Center, Inc. ("Community Health"), and Tory Westbrook, Plaintiff's physician. On February 11, 2014, the United States Attorney's Office certified that Community Health was a federally supported health center and that Westbrook was an employee of Community Health at the time of the relevant incident. (Notice of Removal [Doc. #1] at ¶ 3.) Pursuant to the Federally Supported Health Centers Assistance Act—which provides that the United States Attorney General may remove an action from state court upon certifying that the defendant was acting in the scope of his employment at the time of the incident, *see* 42 U.S.C § 233(c)—the claim was removed to this Court on February 11, 2014. The exclusive remedy for claims alleging tortious conduct by a federally funded health care center and its employees is under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). *See* 42 U.S.C. § 233(g); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 78 (2d Cir. 2005).

Defendants have moved to dismiss Plaintiff's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust all administrative remedies before filing the complaint in district court. (Mem.

in Supp. of Defs.' Mot. to Dismiss [Doc. #10-1] at 1.) "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."). Plaintiff concedes that she did not exhaust her available administrative remedies before filing the underlying complaint. (Pl.'s Obj. to Mot. to Dismiss [Doc. #11-1] at 5.) The Court therefore lacks subject matter jurisdiction over this case. *See* 28 U.S.C. § 2675(a); *Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 301 (D. Conn. 2001) ("Thus failure to file claims for tort damages with the appropriate agency precludes this court from exercising jurisdiction over those claims." (quoting *Setlech v. United States*, 816 F. Supp. 161, 165 (E.D.N.Y. 1993))). The proper course is to dismiss the case without prejudice, allowing Plaintiff to institute a separate action once all administrative remedies have been exhausted. *Saleh v. Holder*, 470 F. App'x 43, 44 (2d Cir. 2012) (holding that the district court erred by dismissing plaintiff's FTCA claims with prejudice); *see also Snider v. Melindez*, 199 F.3d 108, 111–12 (2d Cir. 1999).

      I note that Defendants also urge the Court to conclude that dismissal is appropriate because Plaintiff failed to file her administrative claim within the two-year statute of limitations mandated by the FTCA. *See* 28 U.S.C. § 2401(b). The Court need not address the merits of that issue at this time, as the Court has concluded that it lacks subject matter jurisdiction. The question of when Plaintiff's claim accrued, and whether her claim was timely filed, is best left for the court or agency able to exert proper jurisdiction. *Teresa T.*, 154 F. Supp. 2d at 301.

For the foregoing reasons, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED IN PART. The Complaint is hereby dismissed without prejudice and the Clerk is directed to close this case.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
            June 19, 2014